IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER FLORES-JIMENEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B:13-51 |
| | § | Criminal No. 1:12-522-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 4, 2013, Petitioner Francisco Javier Flores-Jimenez ("Flores-Jimenez") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That motion was filed before his conviction became final. A series of stays and delays followed. On December 12, 2013, the United States ("the Government") filed a motion to dismiss the §2255 petition. Dkt. No. 19. It is that motion which is pending before the Magistrate Judge.

The Court **RECOMMENDS** that the Government's motion be **GRANTED.** Despite his arguments to the contrary, Flores-Jimenez's claims are unsupported by the law or the facts in this case.

**I.  Procedural and Factual Background**

On June 19, 2012, a federal grand jury – sitting in Brownsville, Texas – indicted Flores-Jimenez for being "an alien ... knowingly and unlawfully ... present in the United States" in violation of 8 U.S.C. § 1326(a) and 1326(b)(1). U.S. v. Flores-Jimenez, Criminal No. 1:12-522-1, Dkt. No. 6 (J. Hanen presiding) [hereinafter CR].

    **A. Guilty Plea and Sentencing**

The factual predicate for the offense was uncontested. Accordingly, on July 31, 2012, Flores-Jimenez entered a guilty plea to a single count of illegal re-entry. CR Dkt. No. 24. Flores-Jimenez pled guilty without a written plea agreement.

In the final presentence report, Flores-Jimenez was assessed a base offense level of

1

8. CR Dkt. No. 12, p. 4 (citing U.S.S.G. § 2L1.2(a)).  Flores-Jimenez was assessed an additional 16-level enhancement for being convicted of a crime of violence, namely a 2004 conviction for aggravated assault. Id., p. 4  (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)).  Flores-Jimenez received a three-level adjustment for acceptance of responsibility, which resulted in a total offense level of 21. Id.

Regarding his criminal history, Flores-Jimenez had six adult criminal convictions, and was assessed 11 criminal history points. CR Dkt. No. 12, pp. 5-8.  Flores-Jimenez was also assessed an additional two criminal history points because he was on supervised release – for a prior § 1326 conviction – at the time that he committed the instant offense. Id., p. 8.  Flores-Jimenez was assessed 13 total criminal history points, resulting in a criminal history category of VI. Id., p. 8.  The presentence report, based upon Flores-Jimenez's offense level of 21 and criminal history category VI, identified a guideline sentencing range of 77 to 96 months of imprisonment. Id., p. 11.  Flores-Jimenez's counsel did not file any objections to the PSR. CR Dkt. No. 15.

On November 5, 2012, the District Court sentenced Flores-Jimenez to 84 months imprisonment, three years of unsupervised release, and a $100.00 special assessment. CR Dkt. No. 20.  The judgment was issued on November 16, 2012. Id.

### B. Direct Appeal

On November 7, 2012, Flores-Jimenez filed a notice of appeal. CR Dkt. No. 17.  On January 22, 2013, Flores-Jimenez's appellate counsel filed an Anders[1] brief, stating that there were no non-frivolous appealable issues. Flores-Jimenez v. US, Case. No. 12-41241, Dkt. No. 21 (5th Cir. 2013).  Flores-Jimenez's counsel also filed a motion to withdraw. Id., Dkt. No. 21.  Flores-Jimenez filed a motion for a continuance for additional time to respond to the Anders brief; the Fifth Circuit rejected that motion. Id., Dkt. Nos. 29, 33.  On June 6, 2013, the Fifth Circuit granted the motion to withdraw, finding that there were "no nonfrivolous issue[s] for appellate review." Id, Dkt. No. 42.

On August 5, 2013, Flores-Jimenez timely filed a petition for a writ of certiorari with

---

[1] Anders v. California, 386 U.S. 738 (1967).

the United States Supreme Court. Id, Dkt. No. 48. On November 4, 2013, the Supreme Court denied the petition for a writ of certiorari. Id, Dkt. No. 49. Thus, Flores-Jimenez's petition became final on November 4, 2013. U.S. v. Thomas, 203 F.3d 350, 355-56 (5th Cir. 2000) (a conviction becomes final when the Supreme Court denies a petition for writ of certiorari).

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On April 4, 2013, Flores-Jimenez prematurely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. Flores-Jimenez alleged that his trial counsel was constitutionally deficient for: (1) failing to timely object to the presentence report; (2) failing to request a non-Guidelines sentence based on the sentencing disparity he faced for being ineligible to participate in a "Fast Track Program." Dkt. No. 2. Flores-Jimenez also asked that the Court "consider applying the supervised release term concurrent with the instant offense," based on the court's authority "to terminate supervised release at any time." Dkt. No. 1, p. 7.

On April 26, 2013, the Government filed a motion to stay consideration of the petition until Flores-Jimenez's conviction became final. Dkt. No. 10. On that same day, the Court issued an order, holding the case in abeyance until Flores-Jimenez's conviction became final. Dkt. No. 11.

On November 4, 2013, after certiorari was denied, the Court lifted the abeyance and ordered the Government to respond to Flores-Jimenez's petition. Dkt. No. 15.

On December 12, 2013, the Government timely responded to the petition. Dkt. Nos. 18, 19. The Government argued that all of Flores-Jimenez's claims were meritless. For the reasons set forth below, the Court agrees.

## II. Applicable Law

### A. Section 2255 and Waiver

Flores-Jimenez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

>sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id. Claims for denial of effective assistance of counsel, however, are properly raised on collateral review, despite a failure to raise them on direct appeal. Massaro v. U.S., 538 U.S. 500, 509 (2003).

### B. Ineffective Assistance of Counsel

The starting point is that a defendant has the right to effective assistance of counsel at sentencing. Soffar v. Dretke, 368 F.3d 441, 477 n. 40 (5th Cir. 2004). To establish that he was denied this right, a petitioner must demonstrate: (1) that his counsel's performance was objectively unreasonable, rendering it deficient; and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). To merit relief, the petitioner must meet both prongs. Id. In contrast, "a court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

"[T]he proper measure of attorney performance is reasonableness under prevailing professional norms." U.S. v. Molina-Uribe, 429 F.3d 514, 519 (5th Cir. 2005). Courts will not "audit decisions that are within the bounds of professional prudence." Id. at 518. To warrant relief, because of ineffective assistance of counsel, counsel's performance must be so deficient that it "renders the result of the ... proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner establishes prejudice where he proves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Flores-Jimenez's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Applying that standard, Flores-Jimenez asserts several grounds for relief. Despite this latitude, neither the record, nor the law, support his claims. Nevertheless, each claim is examined below. After that examination, it is clear that Flores-Jimenez's claim for sentencing relief should be denied and the Government's motion to dismiss should be granted.

**A. Failure to Object**

Flores-Jimenez simply states that his lawyer was ineffective for failing to timely object to the PSR in this case. Flores-Jimenez does not identify any errors in the report that merited objection or how these errors prejudiced him.

While the Court is required to construe pro se petitions liberally, "bald assertions" have no probative value. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir.1983). Flores-Jimenez has offered nothing to support this claim. "[S]peculative and conclusory allegations . . . are insufficient to raise a constitutional issue." U.S. v. Hall, 455 F.3d 508, 522 (5th Cir. 2006) (citing U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993)). To the extent Flores-Jimenez has identified a claim regarding his PSR, it is conclusory and meritless, for which reasons it should be denied.

**B. Fast Track**

Flores-Jimenez has asserted that his lawyer was ineffective for not either (1) having him placed in the "Fast Track Program" or (2) seeking a non-Guidelines sentence based upon the unavailability of fast track. Each of these claims is meritless.

The "fast track" program is found at USSG 5K3.1 and allows the Government to create a program to give defendants credit for an early plea agreement. U.S. v. Gomez-Herrera, 523 F.3d 554, 558, n. 1 (5th Cir. 2008) (using fast track as a synonym for relief pursuant to U.S.S.G. § 5K3.1). However, the Sentencing Guidelines explicitly state that such a departure can only be made, "[u]pon motion of the Government." U.S.S.G. § 5K3.1. The decision as to whether a defendant is "fast-tracked" is in the sole discretion of the United States Attorney. Mercado-Zapata v. U.S., 2012 WL 3846432, *3 (N.D. Tex 2012) (unpubl.) (citing § 5K3.1).

Under the standard written plea agreement in this division, the availability of the "Fast Track Program" is dependent, to a certain degree, upon a defendant's criminal history. Dkt. No. 19, p. 14. Flores-Jimenez's prior convictions for aggravated assault and illegal re-entry render him ineligible for it. This conclusion is consistent with the Justice Department's instructions regarding "fast track," which expressly require a written plea agreement and consider prior convictions in determining eligibility. Memorandum From James M. Cole on Department Policy on Early Disposition or "Fast–Track" Programs (Jan. 31, 2012), available at http://www.justice.gov/dag/fast-track-program.pdf. Given that the decision regarding fast track credit recommendation is in the sole discretion of the Government, it is clear that Flores-Jimenez was not entitled to such credit and that the Government was not required to recommend that Flores-Jimenez receive such credit. Further, it is equally clear that Flores-Jimenez's lawyer was not ineffective for failing to secure Flores-Jimenez's participation in a program that he was ineligible to participate in. This claim should be denied.

To the extent that Flores-Jimenez is asserting that his attorney was ineffective for not arguing that ineligibility for fast track created unwarranted sentencing disparities, that contention is meritless. The Fifth Circuit has expressly foreclosed this argument. U.S. v.

Gomez-Herrera, 523 F.3d 554, 562-63 (5th Cir. 2008).  Flores-Jimenez's lawyer was not ineffective for failing to make a meritless objection. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").  Accordingly, this claim should be denied.

### C. Termination of Supervised Release

Flores-Jimenez moves the Court to terminate his term of supervised release.  Flores-Jimenez does not qualify for such relief.[2]

"The court may, after considering the factors set forth in [§ 3553(a)] . . . terminate a term of supervised release . . . at any time <u>after the expiration of one year</u> of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (emphasis added).  Thus, the Court may not modify or terminate the duration of the supervised release term until the defendant has served at least a year of supervised release. U.S. v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).  Accordingly, a convicted individual must live within the limitations of supervised release for at least one year before the duration of those conditions are subject to modification.

Flores-Jimenez is still in prison and will remain there for several years.  Since Flores-Jimenez has not served one year of supervised release, he cannot challenge the duration of his supervised release under 18 U.S.C. § 3583 at this time.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Francisco Javier Flores-Jimenez's petition be **DENIED**. Dkt. No. 1.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. §

---

[2] The Court assumes, without deciding, that such a claim is cognizable in a § 2255 petition. Because Flores-Jimenez is currently ineligible for such relief, this assumption does not alter the Court's ultimate recommendation.

2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Flores-Jimenez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Flores-Jimenez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Good Faith

If Flores-Jimenez later seeks to appeal this decision without paying the prescribed feels, i.e. in forma pauperis, the Court should find that the appeal is not taken in "good faith." Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). A district court may certify that an appeal is not taken in good faith, and, accordingly, deny a petition to proceed in forma pauperis, but it must list its reasons for doing so. Pohl v. Thaler, 429 Fed. App'x 408 (5th Cir. 2011) (unpubl.) (citing Baugh). "[W]hen the underlying claims . . .[are] entirely frivolous and [have] no possibility of success," the appeal is not taken in good faith. Baugh, 117 F.3d at 201-02. Given the resolution of this case, any appeal by Flores-Jimenez would be premised upon frivolous claims. Accordingly, it is **RECOMMENDED** that the Court certify that any appeal is not taken in good faith and that any petition to proceed in forma pauperis on appeal should be denied, pursuant to Fed. R. App. P. 24(a)(3)(A).

### C. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, on February 26, 2014.

_____
Ronald G. Morgan
United States Magistrate Judge